IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 26 2005
JOHN F. CORCORAN, CLERK
BY /s/ DEPUTY CLERK

| | |
|---|---|
| JAMES E. CUNNINGHAM,<br>    Plaintiff, | Civil Action No. 7:05-cv-00322 |
| v. | **MEMORANDUM OPINION** |
| DANVILLE CITY JAIL, et al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff James E. Cunningham, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that he has been housed at the Danville City Jail more than ninety days since receiving his criminal sentence. He also complains that the lighting, ventilation and security practices at the jail are dangerous to him. He seeks to be transferred to another prison and to receive $15,000 for negligence. Plaintiff alleges that he has exhausted his administrative remedies as to these claims and attaches copies of grievances he filed. Upon review of the complaint, the court finds that inasmuch as Cunningham's allegations fail to state any claim upon which he is entitled to relief, his action must be dismissed without prejudice, pursuant to §1915A(b)(1). Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

I.

Cunningham alleges that he has been housed at the jail for more than ninety days since he was sentenced. He believes he is entitled to be transferred to a Virginia Department of Corrections (VDOC) prison facility. He also alleges that the jail houses too many inmates per square foot of space, in violation of an unidentified code; that jail guards do not make frequent enough security

checks or answer security cameras quickly enough; that the bright lights and the ventilation are bad for his health because he has "breathing and seeing problems."

## II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Inmates have no constitutional right to be housed in any particular prison or jail. Meachum v. Fano, 427 U.S. 215 (1976). Moreover, a state's failure to abide by its own law as to procedural protections is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under §1983.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To prove deliberate indifference by an official, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Id. at 837. Then, plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832.

III.

Under these principles, Cunningham's allegations fail to state any constitutional claims. First, he cannot proceed with his claims against the Danville City Jail itself, as this entity is not a "person" subject to suit under §1983. Therefore, all claims against the jail must be dismissed, pursuant to §1915A.

Second, Cunningham has no constitutional right to be transferred to a VDOC prison within a certain number of days after sentencing. Even if he could prove some right under state law to be housed in a VDOC institution within a certain time after sentencing, such allegations that officials were violating state law are not actionable under §1983. The court will dismiss all claims related to Cunningham's request for a transfer to a VDOC facility.

Third, Cunningham also fails to allege facts stating any possible claim against Sheriff Dooley (the only other named defendant) regarding the challenged living conditions. He does not allege facts indicating that Dooley had any knowledge that any of the challenged conditions presented a specific, serious risk of harm to Cunningham. Indeed, the grievances Cunningham submits to the court regarding jail conditions do not indicate that he ever proceeded to the appeal level at which the

sheriff or his representative would have responded.[1] If the sheriff was not aware of the risks, he cannot be found deliberately indifferent to them as required to state an Eighth Amendment claim. Moreover, Cunningham does not allege that the challenged conditions actually caused, or could have caused, him any serious or significant injury. Therefore, his living conditions claims fail to rise to constitutional proportions, and the court will dismiss them without prejudice, pursuant to §1915A. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to the defendants.

ENTER: This 25th day of May, 2005.

_____
Senior United States District Judge

---

[1] On the face of these grievances, it does not appear that Cunningham complied with the requirement to exhaust available administrative remedies before bring a federal lawsuit. See 42 U.S.C. §1997e(a). His failure to comply with this provision is a separate ground on which the court could dismiss his claims about jail living conditions.